IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| RYAN KRISTOPHER JAMES DENNIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. |
| | ) | 1:15-CV-231-BL |
| LORIE DAVIS, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
| | ) | |
| Respondent. | ) | Assigned to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

This case has been assigned to the United States Magistrate Judge under Amended Special Order No. 3-301, but as the parties have not filed a consent to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c), the undersigned magistrate judge issues this report and recommendation pursuant to 28 U.S.C. § 636(b). After review and consideration of the § 2254 petition and the applicable law, the district judge should dismiss, and alternatively deny the petition under 28 U.S.C. § 2254, and deny a certificate of appealability.

## I. BACKGROUND/PROCEDURAL HISTORY

Petitioner Ryan Kristopher James Dennis is currently in custody of the Texas Department of Criminal Justice, Correctional Institutions Division pursuant to a judgment and sentence of the 91st Judicial District Court of Eastland County, Texas, in cause number 23156. Judgment, SHCR (doc. 9-3, at 99-101.)[1] Dennis was indicted for the felony offense of engaging in organized criminal

---

[1] "SHCR" refers to the record of Dennis's state application for writ of habeas corpus, and in this instance that record is inclusive of the Eastland County District Clerk's documents from the underlying proceedings. All of these papers are filed on the docket of this case at ECF No. 9-3, at pp. 4-107. The state application was assigned number WR-83,607-01 at the Texas Court of Criminal Appeals, that is *Ex parte Ryan Kristopher James Dennis,* No. WR-83,607-01. The record of the denial of the state application is at ECF No. 9-1.

activity, alleged on or about March 1, 2012, through on or about July 24, 2013, as well as a prior conviction from the 91st District court of Eastland County to enhance punishment. (Doc. 9-3, at 54–61.) On November 1, 2013, Dennis entered into a plea bargain in which he pleaded guilty to the offense in exchange for a sentence of ten years in prison and his full cooperation in the ongoing prosecution of his co-defendants. (Doc. 9-3, at 96-101.) Dennis did not file a direct appeal. Pet. (doc. 1, at 3.)

On June 6, 2015, Dennis filed a state application for writ of habeas corpus under Texas Code of Criminal Procedure article 11.07, which the district clerk file-stamped on June 11, 2015.[2] (Doc. 9-3, at 5–33.) The trial court made no findings that previously unresolved issues of fact were material to the legality of Dennis's confinement. (Doc. 9-3, at 3.) The Texas Court of Criminal Appeals (TXCCA), on August 5, 2015, denied the application without written order. *See Ex parte Ryan Kristopher James Dennis*, No. WR-83,607-01, (doc. 9-1, at 1.) Dennis also filed an application for writ of mandamus with the TXCCA in July 2015, that was also denied on August 5, 2015. (Doc. 9-5, at 1-10; doc. 9-4, at 1.) Dennis constructively filed the instant petition under 28 U.S.C. § 2254 on December 15, 2015.[3] (Doc. 1, at 10.)

---

[2] The "mailbox rule", under which prisoner prepared documents are deemed filed on the date given to prison officials for mailing, applies to state habeas applications. *See Richards v. Thaler*, 710 F.3d 573, 578–79 (5th Cir. 2013). Although Dennis did not certify the date he deposited his state application in the prison mail system, the Court assumes the June 6, 2015 date he signed the petition is the most favorable filing date for this analysis. (Doc. 9-3, at 20–21, 33.)

[3] The § 2254 petition was received and file-stamped on December 18, 2015. Dennis swore that he placed the document in the prison mail system on December 15, 2015, and thus under the 'mailbox rule,' that is the date it is deemed filed. *See generally Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (pro se prisoner's § 2254 habeas corpus petition is constructively filed, for the purposes of the AEDPA, when the prisoner delivers the papers to prison authorities for mailing to the district court).

## II. ANALYSIS/STATUTE OF LIMITATIONS

Respondent argues first that Dennis has filed the § 2254 petition beyond the applicable statute of limitations, and alternatively, that his claims must be denied. The Court will address these arguments.

The Antiterrorism and Effective Death Penalty Act (AEDPA), signed into law on April 24, 1996, enacted the present 28 U.S.C. § 2244(d), which established the following one-year limitation period on filing federal habeas corpus petitions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (West 2006); *see Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003) ("The AEDPA statute of limitations applies to all habeas petitions filed after the Act's effective date . . . ."). Under the statute, the habeas clock begins to run when one of the circumstances included in

§§ 2244(d)(1)(A)-(D) triggers the Act's application. Petitioner does not argue any factual claims to invoke a limitations start date under 28 U.S.C. § 2244(d)(1)(B),(C), or (D). He does not argue any impediment to filing under § (d)(1)(B), he does not assert a newly recognized right under § (d)(1)(C), and he does not argue a newly discovered factual predicate for any of his claims under (d)(1)(D). Rather, as all of Dennis claims arise from the events during the state trial proceedings, the limitations period began to run in this case when the judgment became final under § (d)(1)(A). *See Roberts,* 319 F.3d at 694 (quoting 28 U.S.C. § 2244(d)(1)(A)) ("The language of § 2244(d)(1)(A) provides that a decision becomes final 'by the conclusion of direct review or the expiration of time for seeking such review.'").

Dennis did not file a direct appeal from the judgment, so his right to seek direct review in state appellate court expired thirty days after it was entered. *See* Tex. R. App. P. 26.2(a)(1); *see also United States v. Vasquez,* 298 F.3d 354, 359 (5th Cir. 2002). The thirtieth day after entry of judgment on November 1, 2013 fell on a Sunday, so Dennis had until Monday December 2, 2013, to file a notice of appeal. *See* Tex R. App. P. 4.1(a); 26.2(a)(1). So the one year in this case under § 2244(d)(1)(A) began running on that date, and expired on December 2, 2014. *See Flanagan v. Johnson,* 154 F.3d. 196, 201-02 (5th Cir. 1998) (applying the directive in Federal Rule of Civil Procedure 6(a) regarding not counting the day of an act or event in computing a time period to the computation of the AEDPA one-year limitation period). Petitioner constructively filed this § 2254 petition on December 15, 2015, over a year after the limitations period had already expired in December 2014. Thus, this § 2254 petition is filed far beyond the one-year from when the limitation period began to run under § 2244(d)(1)(A).

A. **Statutory Tolling**

The AEDPA enacted a statutory tolling provision in 28 U.S.C. § 2244(d)(2), which provides

4

for tolling of the one-year limitation period during the time any properly filed state application for post-conviction or collateral review is pending in the state courts. As noted above, Dennis is deemed to have filed the state habeas corpus application under article 11.07 on June 9, 2015, the date he signed and dated his state application. *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (holding that "the pleadings of *pro se* inmates, including petitions for state post-conviction relief, are deemed filed at the time they are delivered to prison authorities, not at the time they are stamped by the clerk of the court").

But Dennis's state habeas application did not serve to toll limitations. Tolling is inapplicable when a state application was not filed before the expiration of the statute of limitations. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired") (emphasis in original). Dennis did not submit his state application to the trial court until June 9, 2015, several months after the applicable one-year limitation period had already expired. Thus, as the records show that this application was filed after the expiration of the one-year, the time Dennis's state application was pending did not toll the applicable limitations period.[4]

**B.      Equitable Tolling**

Dennis has also failed to demonstrate that he is entitled to equitable tolling. The Supreme Court has clearly stated that AEDPA's statute of limitations is subject to equitable tolling if the case is "appropriate." *Holland v. Florida,* 560 U.S. 631, 645 (2010). A petitioner demonstrates that his

---

[4] The Court notes that Dennis's application for writ of mandamus sought to compel a ministerial action to be taken by the district clerk of Eastland County, Texas. (Doc. 9-5, at 2-5.) Thus, it does not qualify as a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" under § 2244(d)(2). *See Moore v. Cain,* 298 F.3d 361, 366-67 (5th Cir. 2002) (holding that state court mandamus application requesting that trial court be directed to rule on state habeas application was not an application under § 2244(d)(2)). Furthermore, Dennis's application for writ of mandamus was filed after the one-year period had already expired. Thus, Dennis's filing of the mandamus application does not change the limitations analysis.

case is appropriate if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). *See In re Wilson,* 442 F.3d 872, 875 (5th Cir. 2006) (quoting *Fierro v. Cockrell,* 294 F.3d 674, 682 (5th Cir. 2002) (internal quotations and alteration omitted)) ("The doctrine of equitable tolling is applied restrictively and . . . is entertained only in cases presenting 'rare and exceptional circumstances where it is necessary to preserve a plaintiff's claims when strict application of the statute of limitations would be inequitable.'"). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate[,]" *Mathis v. Thaler,* 616 F.3d 461, 474 (5th Cir. 2010) (quotation and citation marks omitted), but the burden of proving facts to support a claim of equitable tolling lies with the party seeking equitable tolling, *Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000).

Moreover, ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not excuse prompt filing. *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000); *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999); *Davis v. Johnson,* 158 F.3d 806, 808-12 (5th Cir. 1998); see also *United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993) (neither an inmate's illiteracy, deafness, or lack of legal training amounts to factors external to the inmate to excuse an abuse of the writ); *Moore v. Roberts,* 83 F.3d 699, 704 (5th Cir. 1996) (a petitioner's lack of interest in challenging prior convictions was not cause to excuse a procedural default); *Saahir v. Collins,* 956 F.2d 115, 118-19 (5th Cir. 1992) (holding neither prisoner's pro se status nor ignorance of the law constitutes "cause" for failing to include a legal claim in his prior petition); *Flanagan v. Johnson,* 154 F.3d 196, 198-99 (5th Cir. 1998) (petitioner's failure to discover the significance of the operative facts does not constitute cause).

Dennis asserts that the length of time it took him to make contact and receive the relevant transcripts justifies his delay. (Doc. 1, at 9.) An indigent defendant, however, is not entitled to his trial transcripts to search the records for possible trial defects. *United States v. Herrera*, 474 F.2d 1049 (5th Cir. 1973); *see also Johnson v. Johnson*, 194 F.3d 1309, 1999 WL 767047, *1 (5th Cir. 1999) (not published) (holding that the lack of records fail to show a state-created impediment sufficient to support equitable tolling). And as noted above, it is well settled that a petitioner's pro se status, indigence, lack of knowledge of the law, and difficulty obtaining records, all common problems of inmates who are trying to pursue post-conviction habeas relief, do not warrant equitable tolling of the limitations period. *Felder*, 204 F.3d at 171–72.

Additionally, nothing in the record suggests that any Texas officials misled Dennis about the filing date or prevented him from asserting his right to challenge his conviction; thus, he has not demonstrated "rare and exceptional circumstances" justifying an equitable exception. Dennis does not establish any justification to show that he diligently pursued relief entitling him to an equitable exception to the statute of limitations. "In general, equitable tolling is warranted only in 'situations where the plaintiff is actively misled by the defendant . . . or is prevented in some extraordinary way from asserting his rights.'" *Jones v. Stephens,* 541 F. App'x. 499, 503 (5th Cir. 2013) (quoting *Cousin v. Lensing,* 310 F.3d 843, 848 (5th Cir. 2002) (internal quotation marks and citations omitted)). Because Dennis is not entitled to either statutory or equitable tolling, his § 2254 petition should be dismissed with prejudice as untimely and barred by the statute of limitations.

### III.   ISSUES

Turning to the merits of the claims raised in Dennis's § 2254 petition, he asserts the following grounds for relief:

> 1. His right to due process was violated because the grand jury failed to provide sufficient evidence, or provide a reasonable opportunity to prepare a defense, for an

7

offense committed on April 11, 2013;

2. He was denied the right to due process when the trial court illegally convicted and sentenced him for a crime in which no overt act of intentionally delivering methamphetamine occurred on April 11, 2013; and

3. He received ineffective assistance of counsel because counsel withdrew his motion to suppress and did not wait for a ruling on a motion to quash the indictment, thus coercing him to enter an involuntary plea.

(Doc. 1 at 6-7, 11-17.)

## IV. ANALYSIS/MERITS

### A.     Standard of Review

A § 2254 habeas petition from a state prisoner is governed by the heightened standards of review enacted in the AEDPA. The AEDPA substantially changed the way federal courts review habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2) (West 2006). "In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000). "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state court convictions are

given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693 (2002) (citations omitted). Thus, § 2254(d)'s "highly deferential standard for evaluating state-court rulings . . . demands that state-court decisions be given the benefit of the doubt." *Woodford v. Viscotti,* 537 U.S. 19, 24 (2002) (*per curiam*) (internal quotation and marks omitted).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain,* 246 F.3d 471, 475 (5th Cir. 2001); *see also Holland v. Anderson,* 583 F.3d 267, 271 (5th Cir. 2009) ("This 'deference is mandated both for questions of law and for mixed questions of law and fact'") (quoting *Foster v. Quarterman,* 466 F.3d 359, 365 (5th Cir. 2006)). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000). As for the "unreasonable application" standard, a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson,* 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry,* 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson,* 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in

the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). "The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001) (citations omitted). When the Texas court of Criminal Appeals denies relief in a state habeas-corpus application without written order, typically it is an adjudication on the merits, which is likewise entitled to this presumption. *Ex parte Torres,* 943 S.W. 2d 469, 472 (Tex. Crim. App. 1997); *see generally Harrington v. Richter,* 562 U.S. 86, 98 (2011) ( "There is no text in the statute requiring a statement of reasons. The statute refers only to a "decision," which resulted from an "adjudication." As every Court of Appeals to consider the issue has recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning") (citations omitted).

The Supreme Court recently recited the applicable standards of review in *Harrington v. Richter:*

> It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable... If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further. Section 2254(d) reflects the view that habeas corpus is a 'guard against *extreme malfunctions* in the state criminal justice systems,' *not a substitute for ordinary error correction through appeal.* As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an **787 error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Harrington,* 562 U.S. at 102-03 (emphasis added) (internal citations omitted).

The Court has reviewed the grounds for relief listed above and Dennis's supporting memorandum of law incorporated into his § 2254 petition at pages 13-18, and it is apparent that Dennis has asserted the exact same grounds for relief and employed virtually the identical verbiage he used when he listed these claims and provided a supporting memorandum in his state application. *See* Pet. (doc. 1, at 6-7, 11-12) as compared to State Application. (doc. 9-3, at 10-15); Memorandum (doc. 1, at 13-17) as compared to State Application Memorandum (doc. 9-3, at 23-33.) Thus, Petitioner's grounds for relief were all previously reviewed and resolved by the Texas Courts. *See Ex parte Ryan Kristopher James Dennis,* No. 83,607-01, (doc. 9-1, at 1.) In his § 2254 form petition in this matter and attachment pages, Dennis did not even attempt to make a showing that the adjudication of the merits of the same grounds for relief in state court "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C.A. § 2254(d)(1) and (2)(West 2006). As Dennis failed to properly address and show that the state court's resolution of his claims violated the applicable standards set out in § 2254(d)(1) and (2), he did not satisfy his burden of proof, and Dennis's claims for relief on the merits in this § 2254 petition must be denied for this reason alone.

Alternatively, Dennis's grounds for relief will be reviewed in more detail.

**B.    Limited Nature of Dennis's Challenges to his Guilty Plea**

As a general matter, any challenge to a conviction that was obtained by a guilty plea is limited to issues of voluntariness, the defendant's understanding of the charges against him, and his understanding of the consequences of the plea. *Hill v. Lockhart,* 474 U.S. 52, 56–57 (1985). "A federal court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was

11

knowing, voluntary and intelligent." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) (citation omitted). "The critical issue in determining whether a plea was voluntary and intelligent is 'whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect.'" *Id.* (quoting *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991)). Accordingly, when "a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review." *Diaz v. Martin*, 718 F.2d 1372, 1376–77 (5th Cir. 1983) (citation omitted).

A plea of guilty must be knowing and intelligent, and for it to be constitutional the defendant must understand the nature of the charges and the consequences of the plea. *Grabowski v. Hargett*, 47 F.3d 1386, 1389 (5th Cir. 1995). Understanding the consequences of a plea requires only that the petitioner know the maximum prison term that he might possibly receive. *James v. Cain*, 56 F.3d 662, 666–67 (5th Cir. 1995) (citing *Spinelli v. Collins*, 992 F.2d 559, 561 (5th Cir. 1993)). Additionally, when reviewing a guilty plea, the formal declarations stated in open court at the time of the proceeding carry a strong presumption of veracity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). "The subsequent presentation of conclusory allegations which are unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* (citations and footnote omitted). Official state court records are also entitled to a presumption of regularity as well as a presumption of correctness on federal habeas review. *Carter v. Collins*, 918 F.2d 1198, 1202 n.4 (5th Cir. 1990); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081–82 (5th Cir. 1985).

In Dennis's case, review of the record of the plea proceedings demonstrates that he knew the nature of the charges presented against him and the consequences of choosing to plead guilty. Before

he opted to plead guilty, Dennis knew that he was charged with the first-degree felony of engaging in organized criminal activity as well as prior felony conviction alleged for enhancement. (Doc. 9-3, at 54–61 (Indictment), 96–97 (Plea Memorandum).) He also knew that the range of punishment was from five to ninety-nine years in prison, or Life reducing the minimum term of imprisonment with abandonment of the enhancement count. (Doc. 9-3, at 97, 99); *see* Tex. Penal Code § 71.02 (defining the offense of engaging in organized criminal activity); Tex. Penal Code § 12.32, 12.42(c)(1) (defining range of punishment for a first-degree felony as well as one prior felony conviction).

In accepting the plea bargain, Dennis waived his right to a jury trial. (Doc. 9-3, at 96.) He agreed to stipulate to the evidence of his guilt, waive confrontation, and judicially confess to every element of the charging instrument under the plea bargain. *Id.* at 96–97. He also agreed that he was aware of the evidence against him and that he freely and voluntarily desired to accept the plea bargain. *Id.* at 97–98. As per the agreement, the trial court allowed abandonment of the enhancement count, which allowed Dennis to enter his plea below the indicted range of punishment. *Id.* at 99–100. Thus, to the extent that Dennis seeks to challenge his guilty plea as not knowing and voluntary, such claim is without merit. Given the proceedings demonstrating that Dennis's plea was knowing, voluntary, and intelligent in light of his proper admonishments, he cannot establish that the state court unreasonably rejected his claims under AEDPA.

### C. Dennis's Plea of Guilty Waives Claims

The entry of "a valid plea of guilty bars habeas review of most non-jurisdictional claims alleging antecedent violations of constitutional rights." *Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir. 2000) (citation omitted). "A plea of guilty and the ensuing conviction encompass all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful

sentence." *United States v. Broce*, 488 U.S. 563, 569 (1989). As noted, challenges to a conviction obtained by guilty plea are limited to issues concerning the voluntariness of the plea, the defendant's understanding of the charges against him, and his understanding of the consequences of the plea. *Hill*, 474 U.S. at 56–57; *Diaz*, 718 F.2d at 1376–77. The scope of a claim waived by a valid guilty plea "includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *U.S. v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) (citing *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983)).

Dennis's challenge to the indictment, notice, and his attorney's decision not to pursue his challenges to the indictment fail to establish that those actions caused him to plead guilty without a full understanding of the nature of the charges against him or the consequences of his plea. In fact, he has not shown that his participation in a criminal conspiracy "from on or about the 1st day of March, 2012, to on or about the 24th day of July, 2013" with numerous co-defendants in a conspiracy to possess methamphetamine did not encompass April 11, 2013. Indictment, (doc. 9-3, at 54.) As the content of Dennis's pretrial motion to quash indicates, the acts in which he participated included dates both before and after the April 11, 2013 date he argues was not adequately defined. Motion to Quash, (doc. 9-3, at 79–80.) Dennis could have raised all of his non-jurisdictional challenges before he decided to enter into the plea bargain agreement and cooperate in the investigation against his co-defendants. *Smith*, 711 F.2d at 682 (holding that once a guilty plea has been entered voluntarily, all non-jurisdictional defects in the proceedings against a defendant are waived). Because Dennis did not, those issues were waived after his conviction and cannot be redressed through this federal habeas corpus petition.

**D. Dennis's Challenges to the Adequacy of the Indictment**

In his first and second grounds, Dennis asserts that the indictment failed to provide sufficient

evidence of an offense committed on April 11, 2013. (Doc. 1, at 6, 11–13.) He also asserts that the grand jury indictment did not provide a reasonable opportunity to prepare a defense alleged on that date. *Id.* Even if Dennis's claims in this regard were not waived, they fail to raise a cognizable federal habeas corpus claim.

"The sufficiency of a state indictment is not a matter for federal habeas relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction." *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994) (citing *Branch v. Estelle*, 631 F.2d 1229 (5th Cir. 1980)). "Where the state courts have held that an indictment is sufficient under state law, a federal court need not address that issue." *Id.* at 68 (citations omitted). The Fifth Circuit has held that "the district court would be required to accord due deference to the state courts' interpretations of its own law that a defect of substance in an indictment does not deprive a state trial court of jurisdiction." *Id.* at 69 (citing *Moreno v. Estelle*, 717 F.2d 171 (5th Cir. 1983)). Additionally, "whether a defective state indictment confers jurisdiction on the state trial court is a matter of state law." *Id.* The issue is also foreclosed from consideration in federal habeas review, if "the sufficiency of the [indictment] was squarely presented to the highest court of the state on appeal, and that court held that the trial court had jurisdiction over the case."*Wood v. Quarterman*, 503 F.3d 408, 412 (5th Cir. 2007) (quoting *Millard v. Lynaugh*, 810 F.2d 1403, 1407 (5th Cir. 1987)).

Notwithstanding Dennis's waivers, his challenges to the indictment were implicitly rejected when the TXCCA reviewed the claims and rejected them on the merits of the case. *McKay*, 12 F.3d at 70 (holding that when the sufficiency of a state indictment is rejected in state court, the jurisdiction to proceed was implicitly conferred). Further, not only does Dennis not acknowledge that he was indicted using "on or about language", his indictment did not charge him with involvement in a single delivery of methamphetamine, as his claims focused on a single date imply. Indictment, (doc.

9-3, at 54–61.) Rather, Dennis was convicted of his participation in a criminal conspiracy, which included as one date the events that took place on April 11, 2013. *Id.* Dennis neither proves an insufficient indictment or that his conviction deprived him of notice, and his claim should be denied without prejudice.

### E. Ineffective Assistance of Counsel Claim

Finally, Dennis claims that his trial attorney was ineffective because he withdrew a motion to suppress and did not wait for a ruling on the motion to quash the indictment which coerced Dennis to enter an involuntary plea. (Doc. 1, at 7, 12–17.)

#### (I). Applicable Standard of Review

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. To successfully state a claim of ineffective assistance of counsel, a petitioner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Cullen v. Pinholster*, 563 U.S. 170, 131 S. Ct.1388, 1403 (2011) (quoting

*Strickland*, 466 U.S. at 690)). This standard not only gives trial counsel the benefit of the doubt; it affirmatively entertains the range of possible reasons he may have had for proceeding as he did. *Id.* at 1407.

To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

The Supreme Court recently set out in *Harrington* the standard under which a federal court is to consider an ineffective-assistance-of-counsel claim raised in a federal habeas petition subject to AEDPA's strictures:

> The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

*Harrington*, 562 U.S. at 101 (quoting *Williams v. Taylor,* 529 U.S. 362, 410 (2000)). Accordingly, it is necessary only to determine whether the state courts' rejection of Petitioner's ineffective-assistance claims was contrary to or an objectively unreasonable application of *Strickland. Bell*, 535 U.S. at 698-99; *Kittelson v. Dretke*, 426 F.3d 306, 315-17 (5th Cir. 2005); *Schaetzle v. Cockrell*, 343

17

F.3d 440, 443 (5th Cir. 2003). This review is "doubly deferential" and gives both the state court and the defense attorney the benefit of the doubt. *Burt v. Titlow*, 134 S. Ct. 10, 13 (2013).

### (II) Review of Ineffective Assistance Claims

As an initial matter, Dennis fails to demonstrate that the TXCCA acted unreasonably in implicitly finding that he failed to demonstrate he was prejudiced by trial actions or failure to take certain actions. S*ee generally Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (presumption of correctness to both explicit findings of fact and implicit finding necessary to the resolution of the claim); *Harrington,* 562 U.S. at 101 (unreasonable application of federal law different from incorrect application, and "[a] State court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself").

More particularly, Dennis is unable to establish that his attorney unreasonably decided to withdraw the motion to suppress and ensure that his motion to quash had been denied or that the results of the proceeding would have been different but for those actions. Both the motion to quash and the motion to suppress ultimately challenged the State's ability to corroborate the co-defendants' testimony and the sufficiency of that proof. (Doc. 9-3, at 79–80; 84–85.) Resolution of the motion to suppress depended on evidence that needed to be established after the State presented its case, not pretrial. *See* Tex. Code. Crim. Proc. art. 38.14 (requiring accomplice testimony be supported by other corroborating evidence tending to connect the defendant to the offense). The same is true for the motion to quash, and even with a successful motion to quash, the State was not precluded from an amendment curing any deficiency. *See* Tex. Code. Crim. Proc. arts. 28.05, 28.10. Thus, Dennis is unable to establish that trial counsel's failure to continue to press a point that had no guarantee of success constituted deficient performance. *Strickland*, 466 U.S. at 687. The state court's rejection of Dennis's claim of ineffective assistance of counsel is entitled to deference, and his failure to

establish the state court unreasonably applied clearly established federal law or based its decision on an unreasonable determination of the facts precludes federal habeas relief. 28 U.S.C. § 2254(d). Thus, this last claim also does not merit federal habeas corpus relief, and it should be denied.

In sum, even to the extent the Court reviews the merits of Dennis's claims, he is not entitled to relief and the petition under 28 U.S.C. § 2254 should be denied.

## V.   CERTIFICATE OF APPEALABILITY

As is now required by Rule 11(a) of the Rules Governing § 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order advise to the applicant." Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. *See* Fed. R. App. P. 22(b). The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. A. § 2253(c)(2) (West 2006). A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003) (citing *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

The Court should find and determine that pursuant to Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), Petitioner Dennis has failed to show that reasonable jurists would (1) find this Court's "assessment of the constitutional claims debatable or wrong," or (2) find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling," and any request for a certificate of appealability should be denied. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

## VI. RECOMMENDATION

For all of the foregoing reasons, it is **RECOMMENDED** that the petition for writ of habeas corpus under § 2254 be **DISMISSED WITH PREJUDICE,** and alternatively, be **DENIED,** and it is further **RECOMMENDED** that a certificate of appealability should not issue and should be **DENIED.**

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.

Any party may object to this Report and Recommendation. A party who objects to any part of this Report and Recommendation must file specific written objections within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and identify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. The failure to file specific written objections will bar the aggrieved party from attacking on appeal the factual findings, legal conclusions, and recommendation set forth by the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds,* 28 U.S.C. § 631(b)(1) (extending the time to file objections from ten to fourteen days), *as recognized in ACS Recovery Servs., Inc. V. Griffin*, 676 F.3d 512, 521 n. 5 (5th Cir. 2012).

**SO ORDERED.**

Signed July 26, 2017.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE